UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY G.,<br><br>         Plaintiff,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,[1]<br><br>         Defendant. | Case No.: 24-cv-01214-JLB<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920**<br><br>**[ECF No. 20]** |

Before the Court is a joint motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 20.)  For the following reasons, the Court **GRANTS IN PART** the joint motion.

///

///

---

[1]  Leland Dudek, the new Acting Commissioner of Social Security as of February 16, 2025, is hereby substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d).

## I.   BACKGROUND

On July 15, 2024, Plaintiff Tammy G. ("Plaintiff") filed a Complaint against the Commissioner of Social Security (the "Commissioner") seeking judicial review of the denial of her application for Social Security disability benefits.  (ECF No. 1.)  The Commissioner filed the Administrative Record on September 13, 2024.  (ECF No. 8.)

The parties filed a joint motion for voluntary remand to agency pursuant to sentence four of 42 U.S.C. § 405(g) on January 24, 2025.  (ECF No. 17.)  On January 27, 2025, the Court granted the joint motion and remanded the matter to the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and directed the Clerk of Court to enter final judgment in favor of Plaintiff. (ECF Nos. 18, 19.)

Now before the Court is a joint motion for the award and payment of attorney fees and expenses pursuant to EAJA, and costs pursuant to 28 U.S.C. § 1920.  (ECF No. 20.) The parties jointly ask the Court to award Plaintiff attorney's fees and expenses in the amount of $6,500[2] under the EAJA, and costs in the amount of $405.  (*Id.* at 1.)  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action.  (*Id.* at 1–2.)

## II.   THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)).  Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after

---

[2]   In Plaintiff's itemization of fees, the total fee was calculated to be $6,591.75. (ECF No. 20-2.)  However, the parties negotiated a slightly lesser amount, and in the parties' joint motion the total fee requested was $6,500.  (ECF No. 20 at 1.)

entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s 60-day appeal period has expired.  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

Here, judgment was entered on January 27, 2025.  (ECF No. 19.)  The parties filed the present joint motion on March 6, 2025, within thirty days after the 60-day appeal period had expired.  (ECF No. 20.)  The Court therefore finds the joint motion timely.

## III.    DISCUSSION

A litigant is entitled to attorney's fees under the EAJA if: "[A] he is the prevailing party; [B] the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and [C] the requested fees and costs are reasonable."  *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).  The Court will address these elements in turn.

### A.    Prevailing party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees."  *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 297–98, 301–02).  Here, Plaintiff is the prevailing party because the Court granted the joint motion for voluntary remand, entered judgment in her favor, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings.  (*See* ECF Nos. 18, 19.)

### B.    Substantial Justification

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A).  *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the Commissioner makes no argument that his position was substantially justified. Rather, the instant fee request comes to the Court by way of a joint motion.  (*See* ECF No.

20.)  Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.  *See Jeremy S. v. O'Malley*, No. 23-CV-00184-AJB-JLB, 2024 WL 2000636, at \*2 (S.D. Cal. May 6, 2024); *Dana F. v. Kijakazi*, No. 3:20-CV-01548-AHG, 2022 WL 542881, at \*2 (S.D. Cal. Feb. 23, 2022).

### C.    Reasonableness of Hours and Hourly Rate

The parties attach Plaintiff's counsel's itemized list of hours and rates for this matter to the joint motion.  (ECF No. 20-2.)  This list includes the hours billed and hourly rates for attorney and paralegal work in this matter.  Plaintiff's counsel lists a total of 24.1 hours of attorney work done in 2024 and 2025, at a rate of $252.72 per hour.  (*Id.*)  Plaintiff's counsel also lists a total of 2.8 hours of paralegal work done in 2024 and 2025, at a rate of $179 per hour.  (*Id.*)  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The Court will discuss the reasonableness of each in turn.

First, regarding the reasonableness of the hourly rate, the EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A); *Nadarajah v. Holder*, 569 F.3d 906, 911 (9th Cir. 2009).  The statutory maximum EAJA rate for work performed in 2024 in the Ninth Circuit, factoring in increases in the cost of living, was $251.84.  *See* United Sates Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Apr. 2, 2025).  When no new rate has been posted for the time period in which work was performed, the courts are to apply the rate for the previous period.  *Id.*  As no

new rate has been posted for 2025, the Court will rely on the 2024 rate for any work done in 2025.

Here, Plaintiff's counsel's hourly rate for work performed in 2024 and 2025 slightly exceeds the Ninth Circuit's EAJA hourly attorney rate. (ECF No. 23 at 8–9.) Counsel does not attempt to justify an enhanced rate. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (requiring justification for an enhanced rate). Accordingly, the Court will reduce counsel's hourly rate to $251.84. *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

Plaintiff also requests a paralegal rate of $179. (ECF No. 20-2.) The Court finds that this rate is not reasonable. Courts in this District have found an hourly rate of $143 reasonable for paralegals and have reduced paralegal rates that are even slightly above that. *See, e.g.*, *Rudy T. v. O'Malley*, No. 24-CV-00719-JLB, 2024 WL 4469105, at *3 (S.D. Cal. Oct. 9, 2024) (reducing the requested paralegal rate of $179 per hour to $143 per hour); *Jacqueline Q. v. Kijakazi*, No. 3:21-cv-00405-AHG, 2022 WL 17884451, at *3 (S.D. Cal. Dec. 23, 2022) (reducing the requested paralegal rate of $150 per hour to $143 per hour). The joint motion provides no support or argument for the Court's deviation from this rate. Therefore, the Court will not deviate from the accepted local rate and accordingly reduces the paralegal rate to $143 per hour.

Second, the Court will assess the reasonableness of the hours expended on the litigation. "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Here, Plaintiff's counsel billed 26.9 hours on this case, including paralegal time, which is within the reasonable range. Accordingly, the Court finds the hours expended reasonable. Based on the foregoing, the Court finds that a reasonable fee in this case, taking into consideration the reduced hourly rates, is $6,469.74.

**IV.   CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** the parties' joint motion. Accordingly, the Court **AWARDS** substituted Plaintiff attorney fees in the amount of $6,469.74 for work done in this matter, and $405 in costs.[3]

**IT IS SO ORDERED.**

Dated:  April 3, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3]    The parties do not explain or attempt to justify $405 in costs.  However, the docket reflects that Plaintiff paid $405 as a filing fee at the outset of this case.  (ECF No. 1.)  The Court finds reimbursement of this cost to be reasonable.